```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
    UNITED STATES OF AMERICA,                               :
                                                            :     ORDER
                                      Plaintiff,            :
                                                            :     19-cr-576 (BMC)
                    - against -                             :
                                                            :
    GENARO GARCIA LUNA,                                     :
                                                            :
                                      Defendant.            :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

The Government moves in limine to admit evidence of defendant Genaro Garcia Luna's alleged attempted witness tampering. It also seeks to preclude Mr. Garcia Luna from reminding the jury that he will be punished if found guilty or arguing that he was selectively prosecuted. The motion is GRANTED in part, and RESERVED in part for trial.

1. On the issue of post-arrest evidence of witness tampering, the Government seeks to introduce the testimony of a cooperating witness who Mr. Garcia Luna allegedly believed had the resources to intimidate or kill potential Government witnesses. Along with this witness's testimony, the Government intends to introduce "at least" one recorded conversation between its witness and Mr. Garcia Luna. The Government argues it can introduce this evidence because it arises out of the same transaction or series of transactions as the charged offense, is inextricably intertwined with the evidence regarding the charged offense, or completes the story of the crime on trial. See United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000) (quoting United States v. Gonzalez, 110 F.3d 936, 942 (2d Cir. 1997)). Mr. Garcia Luna contends that admitting this evidence would violate Fed. R. Evid. 404(b) because it is evidence of a subsequent criminal

action not charged in the indictment. In the alternative, Mr. Garcia Luna maintains that admitting this evidence would violate Fed. R. Evid. 403, because it is substantially more prejudicial than probative, and risks creating a trial within a trial.

2.  The proposed evidence is admissible under Fed. R. Evid. 401 and 404(b) for at least the first two reasons that the Government has offered. The information that the cooperating witness supposedly learned from Mr. Garcia Luna demonstrates defendant's culpable state of mind and the steps he would take to conceal his illegal activity. This set of facts, therefore, arises out of the same transaction or series of transactions for which Mr. Garcia Luna is charged. See, e.g., United States v. Bein, 728 F.2d 107, 114-15 (2d Cir. 1984).

3.  However, courts must proceed with great caution in applying the Rule 403 balancing test to this kind of evidence because of the serious prejudicial impact it may have. If a jury hears that a defendant has threatened to kill witnesses in the case, there is a risk that the jury may place more weight on that than on the evidence of participation in the charged crime, which often will be proved, in part, by circumstantial evidence. As the Second Circuit has instructed: "We … urge district courts to continue to scrutinize the necessity and purpose of such toxic death threat evidence before allowing it into a criminal trial. And we likewise admonish the government to consider whether such testimony is truly needed to secure a conviction." United States v. Munoz, 765 F. App'x 547, 551 (2d Cir. 2019). As Munoz makes clear, although it is the Court's responsibility to make this balancing determination, the Government has to take the admonition just as seriously.

4.  The admission of evidence this potentially prejudicial (although the Court recognizes it may have substantial probative value), requires consideration of the Government's case as a whole. At this point, because the Government is fully aware of the nature and extent of all of its

evidence, it is in a better position than the Court to determine how the Rule 403 balancing test should come out.  As the Circuit has indicated, the Government should use that knowledge to carefully reconsider whether this is evidence that it really needs – or wants.  If the Government nevertheless continues to seek admission of this evidence, the closeness of the issue compels the Court to defer ruling until it knows as much or nearly as much as the Government presently knows about its case.  Ruling on this issue is therefore reserved for trial.  To facilitate the Court's consideration under Rule 403, the Government is directed to defer any attempt to introduce this evidence until it has substantially completed its case.

     5.  In addition, the Government's effort to introduce a corroborating tape recording of the alleged conversation, and to allow the jury to follow along on a transcription of the conversation, raises an additional issue.  Having listened to the tape, the Court is frankly unable to make hide nor hair of what is being said – it is just so garbled – and would need to be convinced that whoever made the transcription had some insight or ability that the Court lacks.  Thus, if the Government expects to continue to seek admission of the tape, the Court will hold a pre-trial hearing at which the Government shall produce one or more witnesses involved in transcribing the conversation who will explain how they were able to understand the tape.

     6.  Similarly, the Government's motion to introduce evidence related to Mr. Garcia Luna's alleged attempts to threaten, harass, and bribe journalists is granted to the extent that the Government can lay a foundation that ties Mr. Garcia Luna directly to those alleged actions.  See United States v. Carboni, 205 F.3d 39, 44 (2d Cir. 2000).  Previously, the Government proffered information from a lay witness who was investigating Mr. Garcia Luna for corruption.  During this investigation, this witness claims to have received threats from Mr. Garcia Luna's associates and heard that Mr. Garcia Luna planned to order his associates to kill this person.  Without

evidence demonstrating that Mr. Garcia Luna was responsible for these threats and his supposed associates' actions, this evidence is substantially more prejudicial than probative. See Fed. R. Evid. 403; see also Viera v. Sheahan, 2020 WL 3577390, at *10–11 (E.D.N.Y. 2020). For any of this evidence to be admissible, it must be preceded with evidence demonstrating that Mr. Garcia Luna was responsible for the threats the Government's witnesses allegedly experienced. The Government may not rely solely on the inference that since such threats might be thought to aid Mr. Garcia Luna's defense, he therefore authorized them.

7. The Government's motion to preclude a "selective prosecution" defense is granted. "In the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties." United States v. Armstrong, 517 U.S. 456, 466 (1996). Moreover, the Government correctly asserts that any selective prosecution claim is an issue for the Court and not the jury. See United States v. Regan, 103 F.3d 1072, 1082 (2d Cir. 1997). Mr. Garcia Luna has not presented the Court with any evidence suggesting he intends to adopt this argument at or before trial.

8. Next, it is well established that when a jury does not have a sentencing function, jurors are not to be informed of the consequences of their verdict because "[i]nformation regarding the consequences of a verdict is [] irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." Shannon v. United States, 512 U.S. 573, 579 (1994). Thus, the Government's motion to preclude defense counsel from mentioning Mr. Garcia Luna's potential punishment if he is convicted is granted.

9. Finally, at this time, the Court does not attribute any disclosure of sensitive

information on Mr. De Castro's part to misconduct or, as the Government previously stated, attempting to "try this case in the press." However, when the Government attempts to prevent a witness's identity from becoming public knowledge, Mr. De Castro should be sensitive to the Government's concerns. The Court also recognizes that Mr. De Castro has a duty to represent his client vigorously and, in so doing, challenge the credibility of the Government's witnesses. In the future, if Mr. De Castro needs to disclose information about a witness that the Government is seeking to keep from being identified publicly, he should move to do so under seal, copying only the Government.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       August 22, 2022