

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SK/EMR/PP/MED/AA  
F. #2019R00927

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 9, 2023

By ECF

Honorable Brian M. Cogan  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    United States v. Genaro Garcia Luna  
               Criminal Docket No. 19-576 (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter to proffer the authenticity and admissibility of the exhibits it seeks to introduce through Special Agent George Dietz from the defendant's electronic devices.

      On February 8, 2023, the Court provided the following guidelines for admitting evidence of the defendant's wealth: (i) "evidence of 2012 wealth and prior to 2012 is okay if it's not cumulative . . . houses, cars, things owned by person on a public salary"; and (ii) "if something was owned and enjoyed pre-2012 and it continued to be owned and enjoyed afterwards, I think both for the statute of limitations purpose and also to reinforce the point about the pre-2012 inferences that the Government is trying to get the jury to draw, I'd allow a little of that."  Trial Tr. at 1396:17–1397:7.

      Consistent with that ruling, the government seeks to admit the following exhibits and proffers the foundation for their admissibility.  To address the Court's concerns regarding cumulativeness, the government has significantly reduced the number of exhibits it intends to introduce.

      The government notes, as an initial matter, that it will now proceed by laying a foundation to attribute all of the homes and property to the defendant.  It will do so by moving to admit certified copies of the defendant's official public disclosures (in which he lists homes and assets) and by having a witness testify that he reviewed hundreds of photographs of the defendant's homes and belongings contained on his electronic devices, including photographs that depict either the defendant or his family members in those homes.  This evidence meets the low bar for admissibility set by Federal Rule of Evidence 901(a).  See United States v. Dhinsa,

243 F.3d 635, 658 (2d Cir. 2001) (rule met "if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification"); United States v. Gagliardi, 506 F.3d 140, 151 (2d Cir. 2007) (bar is low); see also United States v. Holmquist, 36 F.3d 154, 168 (1st Cir. 1994) ("to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be").  The government provides additional foundational information below.

   First, the government previously admitted photographs of the defendant's "country home" in Morelos, Mexico.  The evidence admitted at trial establishes that this home is the defendant's because: (i) Hector Villareal Hernandez testified that he visited a home of the defendant's in Jiutepec and that (consistent with the photographs) it was a large white house with a swimming pool and a backyard large enough to land a helicopter (Trial Tr. at 1165:13–1166:18); (ii) the defendant declares in his official public disclosures that he owned and did construction on land at #12 and 13, Calle Amate, Pedregal de Las Fuentes, Jiutepec, Morelos; and (iii) the defendant's 50th birthday party invitation lists this address.  The government already admitted several exhibits related to this home.  The government seeks to admit two additional exhibits: GX-1319 and GX-1320, which are the birthday party invitation and a photograph from the birthday party establishing that the property continued to be enjoyed after 2012.

   Second, the government seeks to admit photographs of the defendant's townhouse in Mexico City, Mexico.  The evidence admitted at trial establishes that this home is the defendant's because: (i) Ambassador Tony Wayne testified that he visited a home of the defendant's in Mexico City and that (consistent with the photographs) it contained a large fish tank (Trial Tr. 1196, 1225); (ii) new exhibit GX-1563 depicts the defendant taking a picture of the interior of the home; (iii) the defendant declares in his official public disclosures that he owned land and built a home at 21 Monte de Funiar, Jardines en la Montana, Tlalpan, D.F.; (iv) the defendant's travel records reflect that he was in Mexico on August 11, 2017, the date on which the photos the government seeks to admit were taken.  The government did not admit any exhibits related to the Mexico City house at trial on Wednesday.  The government has culled its exhibits and now seeks to admit seven exhibits depicting this home: GX-1328, GX-1563, GX-1354, GX-1356, GX-1332, GX-1331 and GX-1477, which, with the exception of GX-1477 (which has no creation data), are all photos taken within a 20-minute time frame and establish that the property continued to be enjoyed after 2012.

   Third, the government seeks to admit photographs of some of the defendant's vehicles.  The evidence admitted at trial establishes that these vehicles are the defendant's because: (i) the defendant declares in his official public disclosures that he owned multiple Harley Davidson motorcycles and Ford Mustangs; (ii) Sergio Villareal Barragan testified that Arturo Beltran gave the defendant a Harley Davidson motorcycle, Trial Tr. 85; (iii) one of the photographs depicts the defendant driving a Harley Davidson motorcycle; (iv) a bill of lading shows that the defendant shipped two Harley Davidson motorcycles and a Ford Mustang from Mexico to the United States.  The government seeks to admit GX-1562, GX-1335, GX-1336, GX-1379 , GX-1377 and GX-1475, which are the bill of lading and photographs of the Harley Davidson motorcycles and Ford Mustangs and establish that they continued to be enjoyed after 2012.

Fourth, the government seeks to admit a handful of additional items that show cash expenditures and access to cash businesses: GX-1363 and GX-1375 (acquisition and continued use of firearms collection in defendant's name); GX-1389 (access to car wash); GX-1337 (custom art); GX-1311 (access to restaurant).

In lodging his objection to these exhibits, the defendant argued that the government must produce a witness who has visited the homes to identify the photographs. However, the law does not require such a witness. Photographs can be properly authenticated through circumstantial evidence, as outlined above, and with a witness who has not personally interacted with the thing depicted. See United States v. Farrad, 895 F.3d 859, 875–80, (6th Cir. 2018) (admitting photographs under Rule 901(b)(4) because there was sufficient circumstantial evidence to support a finding that the photos were what the government claimed); United States v. Safavian, 435 F. Supp. 2d 36, 41 (D.D.C. 2006) (FBI agent who did not send or receive emails at issue deemed adequate to authenticate the exhibits). A chart containing these exhibits and the basis for their admissibility is attached as Exhibit A for the Court's review.

In addition, the government seeks to introduce a limited number of additional exhibits from the defendant's devices which do not reflect on the defendant's wealth but are relevant to other issues in the case. These include items the defendant downloaded related to the EDNY prosecutions of Edgar Veytia and Joaquin Guzman Loera (for consciousness of guilt, foreseeability of venue, and to establish connection with co-conspirators) (GX-1395 to GX-1397, GX-1364), and contact information from the defendant's devices for his colleagues and co-conspirators (GX-1338, GX-1339, GX-1316). A chart containing these exhibits and the basis for their admissibility is attached as Exhibit B for the Court's review.

For the foregoing reasons, the Court should permit the government to admit its proffered evidence.

Respectfully submitted,

BREON PEACE
United States Attorney

By:      /s/
Saritha Komatireddy
Erin M. Reid
Philip Pilmar
Marietou E. Diouf
Adam Amir
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of the Court (BMC)
      Defense Counsel of Record