

February 14, 2023

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>**United States v. Genaro Garcia Luna**
**Ind. No. 19-Cr-576 (BMC)**</u>

Your Honor:

  We write in response to the Court's request for briefing on the issue of whether Mr. Garcia Luna's departure from the Mexican government and move to Florida constituted a withdrawal from the charged conspiracies. Specifically, we urge the Court to conclude that both the law and the facts here allow for the inference that such an intentional withdrawal from a conspiracy took place. Accordingly, we respectfully request the Court to instruct the jury on the defense of withdrawal.

  As the Court knows, a defendant can show he withdrew from a charged conspiracy if he "performed some act that affirmatively established that he disavowed his criminal association with the conspiracy, either the making of a clean breast to the authorities, or communication of the abandonment in a manner reasonably calculated to reach co-conspirators. *United States v. Eppolito*, 543 F.3d 25, 49 (2d Cir. 2008); *United States v. Jackson*, 335 F.3d 170, 182 (2d Cir. 2003) (same). The question the Court has put to the parties is whether Mr. Garcia Luna's departure from government and entry into private life was an affirmative act and whether a subjective intent to withdraw is required.

  The Second Circuit has held that a person's involuntary imprisonment may or may not be sufficient to establish the *defense* of withdrawal, but it certainly entitles a defendant to the instruction: "Leslie argues that imprisonment may be evidence of an affirmative act of withdrawal from a conspiracy; we agree. But while arrest or incarceration *may* constitute a withdrawal from a conspiracy, it does not follow that in every instance it *must*. In the trial context, evidence of imprisonment during a conspiracy is merely a relevant fact that entitles the defendant to a jury instruction on withdrawal." *United States v. Leslie*, 658 F.3d 140, 143–44 (2d Cir. 2011) (internal quotations omitted); *see also United States v. Salameh*, 152 F.3d 88, 150 (2d Cir. 1998) ("A conspirator who presents evidence of his imprisonment during the course of the conspiracy is entitled to a jury instruction on withdrawal."); *United States v. Flaharty*, 295 F.3d 182, 193 (2d Cir. 2002) (internal quotations omitted) ("whether a coconspirator's imprisonment constitutes a withdrawal must be decided by the jury in light of the length and location of the internment, the nature of the conspiracy, and any other available evidence"). Surely,

imprisonment is no more volitional than Mr. Garcia Luna's departure from government, and yet the Second Circuit does not hesitate to endorse the notion that a defendant in that context is entitled to a charge on withdrawal.

In addition, the facts here permit the inference that Mr. Garcia Luna purposefully withdrew from the alleged conspiracy. It is true that leaving government was not his choice. The administration ended, and the new president was going to select a new secretary of public security. However, this did not prevent Mr. Garcia Luna from seeking another position in the police or government. It did not prevent him from deciding to remain in Mexico and use his relationships with powerful members of the government to continue to allegedly offer support to the Cartel. It did not prevent him from staying and making introductions, call in favors, or exert pressure on officials – even while out of the government. These were choices he could have made if his intention had been to allegedly continue to assist the Cartel.

Instead, he made a different decision. He chose to move his family to the United States so that he and his family could have a more normal life, as his wife testified today, a life without the stress of bodyguards and being hounded by the press. That was an intentional act, one that is inconsistent with a continued allegiance to the Cartel. It permits the inference that Mr. Garcia Luna affirmatively departed from any conspiracy. And, indeed, the lack of evidence showing any subsequent acts taken in support of the Cartel – not a single cooperator (or anyone else) offered evidence that Mr. Garcia Luna engaged in any action on behalf of the Cartel after 2012 (or even earlier) – provides corroboration for the inference that Mr. Garcia Luna's decision to leave Mexico and enter private life was intended to reasonably convey to co-conspirators that he had withdrawn from any conspiracy.

As the Court knowns, a criminal defendant "is entitled to have instructions presented relating to any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible that evidence may be." *United States v. LaMorte*, 950 F.2d 80, 84 (2d Cir.1991) (citation and internal quotation marks omitted). We submit that there is sufficient foundation in the evidence to permit the jury to infer that Mr. Garcia Luna's decision to leave Mexico, rather than remain and continue to allegedly assist the Cartel, was an affirmative decision to withdraw. Accordingly, we respectfully request that the Court instruct the jury on the defense of withdrawal.

Thank you for your consideration.

Sincerely,

----/s/-----

Florian Miedel
Cesar de Castro
Valerie Gotlib
Shannon McManus
*Counsel for Genaro Garcia Luna*

Cc: All counsel (ECF)