

U.S. Department of Justice

United States Attorney
Eastern District of New York

EMR/PP/AA
F. #2019R00927

271 Cadman Plaza East
Brooklyn, New York 11201

July 5, 2023

By ECF

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Genaro Garcia Luna
               Criminal Docket No. 19-576 (BMC)

Dear Judge Cogan:

      The government writes in opposition to the defendant's June 30, 2023, letter requesting an additional five-month adjournment to file post-trial motions and an adjournment of sentencing until March 2024.  Dkt. No. 244.

      By way of background, on February 21, 2023, a jury convicted the defendant on all counts of a superseding indictment charging him with engaging in a continuing criminal enterprise and other charges related to drug trafficking and making false statements.  Following the verdict, the defendant requested until April 7, 2023, to file post-trial motions.  On April 4, 2023, the defendant requested a three-month extension to file motions because of "potential new evidence favorable to the defense[.]"  Dkt. No. 239.  The Court granted the defendant's request over the government's objection.

      Without seeking the government's position, the defense now requests more than five additional months to file post-trial motions.  The Court should deny this request.  Fed. R. Crim. P. 32(b)(1) provides that the Court "must impose sentence without unnecessary delay." But the defendant's request would unnecessarily delay his sentencing at least March 2024. Although the defense raises a potential motion for a new trial under Rule 33, such motions "are disfavored in the Second Circuit," United States v. Atkins, No. 10 CR 391-04 CM, 2012 WL 1415625, at *3 (S.D.N.Y. Apr. 19, 2012), and are only granted in "exceptional circumstances," id., such as where new evidence "would likely result in an acquittal," United States v. Owen, 500 F.3d 83, 88 (2d Cir. 2007).

      The defendant has had more than three years from his highly publicized indictment to speak with witnesses, issue subpoenas, and investigate potential defenses,

including his claim—rejected after a vigorous trial and significant witness testimony to the contrary—that he never accepted any bribes from the Sinaloa Cartel.  The defense should not be permitted to delay sentencing and engage in a year-long fishing expedition.  That is particularly so where the defense identifies no exculpatory evidence in its letter aside from vague references to "<u>potential</u> new evidence favorable to the defense that <u>could</u> result in the filing of a Rule 33 motion for a new trial."  Dkt. No. 244 (emphasis added).  Indeed, the defendant provides no information on the identity of these alleged witnesses or the provenance of the documents received—much less anything that could overturn the jury's verdict.  For all of these reasons, the Court should deny the defendant's request for an additional five-month adjournment of the due date for his post-trial motions.

    Respectfully submitted,

    BREON PEACE
    United States Attorney

By:    /s/
    Erin M. Reid
    Philip Pilmar
    Adam Amir
    Assistant U.S. Attorneys
    (718) 254-7000

cc:    Clerk of the Court (BMC) (by ECF)
       Counsel of Record (by ECF)